JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

ANDREW M. BERNIE (DC Bar No. 995376)
R. CHARLIE MERRITT (VA Bar No. 89400)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 616-8488
Fax: (202) 616-8470
andrew.m.bernie@usdoj.gov
robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON**

| | |
|---|---|
| **STATE OF OREGON et al.,** | |
| Plaintiffs, | Consolidated Civil Action Nos. |
| v. | 6:19-cv-00317-MC (Lead Case) |
| | 6:19-cv-00318-MC |
| **ALEX M. AZAR II et al.,** | |
| Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| AND | |
| **AMERICAN MEDICAL ASSOCIATION et al.,** | |
| Plaintiffs, | |
| v. | |
| **ALEX M. AZAR II et al.,** | |
| Defendants. | |

On April 25, 2019, the State Plaintiffs submitted a "Notice of Supplemental Authority," suggesting that an Order from the U.S. District Court for the Eastern District of Washington "supports" Plaintiffs' motion for a preliminary injunction. *See* ECF No. 137. In fact, this Order—which issued a nationwide preliminary injunction against the Final Rule being challenged in this litigation, *see Washington v. Azar*, 1:19-cv-03040-SAB (E.D. Wash. Apr. 25, 2019), ECF NO. 54 (Washington Order)—obviates any need for a preliminary injunction here.

A showing of irreparable harm is of course "necessary" to obtain preliminary injunctive relief. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 n.6 (9th Cir. 2011). In light of the decision in the Washington case, Plaintiffs cannot make that showing. Indeed, in enjoining the Defendants in this action from "implementing or enforcing the Final Rule . . . in any manner or in any respect . . . until further order of the Court," Washington Order at 18-19, the Washington court provided Plaintiffs here with all the injunctive relief they seek. Plaintiffs in a separate case challenging this Rule put it best in a notice withdrawing their preliminary injunction motion: "Because the Washington Order's nationwide injunction temporarily stops the Rule from going into effect altogether until further order of that Court . . . there is no longer an imminent threat of irreparable harm to Plaintiffs necessitating a preliminary injunction from this Court." *Maine Family Planning v. U.S. HHS*, 1:19-cv-00100-LEW (D. Me. Apr. 26, 2019), ECF No. 65 at 2. The same is true here: The requirement that a party show irreparable harm restricts this Court's authority to enter a duplicative nationwide injunction. Because Plaintiffs cannot show irreparable harm absent injunctive relief from this Court, the Court should at the very least stay consideration of their motions for a preliminary injunction. *See, e.g.*, *Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018), ECF No. 143 (staying request for preliminary relief because another nationwide injunction "calls into question whether the harm Plaintiffs allege are

actually imminent or certain—a prerequisite for a preliminary injunction"); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017) ("[T]he Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit.  As such, the State will not suffer irreparable damage.").

The government is currently considering whether to appeal the Washington Order and whether to seek a stay of that injunction pending appeal.  Plaintiffs thus might argue they could suffer irreparable harm in the future, if any appeal by the government results in the preliminary injunction being vacated or narrowed.  But an injury that is expressly contingent on a future event is, by definition, not an imminent, irreparable injury.  *See Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) ("Injury that is hypothetical or speculative does not rise to the level of irreparable harm."); *accord In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm.").

Accordingly, unless and until the Washington injunction is stayed or vacated, the Court should stay consideration of Plaintiffs' preliminary injunction motions.  Should the government seek and obtain a stay of the Washington Order, the Plaintiffs could move this Court to lift the stay, at which point the Court—having already received lengthy briefing and heard oral argument—would be in a position to rule promptly.  Unless and until that happens, however, Plaintiffs will not suffer irreparable harm absent an injunction from this Court, and there is accordingly no basis for the Court to resolve Plaintiffs' motions for preliminary injunction at this time.

Dated:  April 26, 2019                                           Respectfully submitted,

                                                                 JOSEPH H. HUNT
                                                                 Assistant Attorney General

                                                                 MICHELLE R. BENNETT

        Assistant Branch Director

        */s/ R. Charlie Merritt*
        ANDREW M. BERNIE (DC Bar No. 995376)
        R. CHARLIE MERRITT (VA Bar No. 89400)
        Trial Attorneys
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW
        Washington, DC 20005
        Tel.: (202) 616-8488
        Fax: (202) 616-8470
        andrew.m.bernie@usdoj.gov
        robert.c.merritt@usdoj.gov

        *Attorneys for Defendants*